People v Oden

2026 NY Slip Op 02677

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Jaquan Oden, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2023-06269, (Ind. No. 70374/20)

Angela G. Iannacci, J.P.

Deborah A. Dowling

Lourdes M. Ventura

Donna-Marie E. Golia, JJ.

Steven A. Feldman, Manhasset, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Monica M.C. Leiter of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Nassau County (Howard E. Sturim, J.), rendered May 30, 2023, convicting him of disorderly conduct, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant was charged by indictment with multiple counts of disorderly conduct, including for violating Penal Law § 240.20(3), predicated on the alleged conduct of using abusive or obscene language or making an obscene gesture in a public place, and Penal Law § 240.20(6), predicated on the alleged conduct of congregating with other persons in a public place and refusing to comply with a lawful order of the police to disperse. The defendant was convicted of disorderly conduct in violation of Penal Law § 240.20(3) and acquitted on the charge of disorderly conduct in violation of Penal Law § 240.20(6). On appeal, the defendant argues that his conviction was based on legally insufficient evidence and was against the weight of the evidence because the People failed to prove the existence of a lawful order to disburse. Since the defendant was acquitted on the charge of disorderly conduct in violation of Penal Law § 240.20(6), and the existence of a lawful order to disburse is not an element of the charge of which he was convicted, the defendant's contentions on appeal regarding the legal sufficiency and weight of the evidence do not present a basis for disturbing his conviction.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit, as the record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).

Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his motion for a mistrial on the ground that the prosecutor made an improper comment during summation. "The decision to declare a mistrial rests with the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial" (People v Rodriguez, 202 AD3d 999, 999 [internal quotation [*2]marks omitted]; see People v Redmon, 81 AD3d 752). Here, while the challenged comment was improper, the error was not so egregious as to deprive the defendant of a fair trial (see People v Rodriguez, 202 AD3d 999; People v Ellis, 166 AD3d 993, 996, affd 34 NY3d 1092), particularly in light of the court's immediate curative instructions to the jury, which the jury is presumed to have followed (see People v Stewart, 244 AD3d 762, 766).

IANNACCI, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court